[No. 39422.    Department One.    May 2, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
K. SWANSON, *Appellant*.*

*James A. Alfieri* and *Richard G. Martinez*, for appellant.

*Lincoln E. Shropshire* and *Patrick H. Olwell*, for respondent.

McGOVERN, J.—John K. Swanson appeals from judgment and sentence following a conviction of grand larceny and assault in the second degree. The facts giving rise to the charge involve the disappearance of money from the cash register at a gasoline station and the resulting struggle between the station owner and the defendant. Further recitation of the facts would serve no decisional purpose.

Defendant's first assignment of error relates to claimed misconduct by the state. When examining state's witness Tom Dobbs, the prosecutor inquired as follows:

Did you have occasion to see the defendant seated here in the court, the man I am now standing behind? A. Yes.
MR. ROBINSON: I will object to Mr. Olwell standing and pointing out to anything he is testifying in this case. It's highly improper, your Honor. Of course, he can point out the defendant if Mr. Olwell stands behind him and points out who he is.

*Reported in 440 P.2d 492.

Obviously the question was leading. The position of the prosecutor at the time of the inquiry certainly invited an affirmative response. The objection was properly made and merited affirmance. Even though the objection was sustained, defendant argues that the misconduct was so prejudicial that it deprived him of a fair trial. He insists that his subsequent motion for a mistrial should have been granted.

We do not agree. The incident related only to the identification of defendant by one witness. There was other and substantial identification of the defendant. Mr. Roy Butler identified defendant as the person in the station office standing by the open cash register drawer with money in his hands. Mr. William F. Dobbs identified defendant as the person he met coming out of the station office. The cash register drawer was then open and the money was gone. Officer Jack Owens, Billy Dobbs, William F. Dobbs and Roy Butler all identified defendant as the person engaged in the altercation with William F. Dobbs over a gun. The defendant did not testify.

In consequence of those unshaken and undenied identifications, defendant is unable to effectively assert that the prosecutor's leading question prejudicially affected the result of the trial. That being so, reversible error did not occur. *Jorgensen v. D. K. Barnes, Inc.*, 69 Wn.2d 579, 420 P.2d 689 (1966); *State v. Mesaros*, 62 Wn.2d 579, 384 P.2d 372 (1963); 5 R. Meisenholder, Wash. Prac. § 261 at 225 (1965).

Defendant next asserts that he was entitled to an acquittal on the grand larceny count because the state failed to prove that property valued in excess of $75 had been taken.[1] This averment covers his two remaining assignments of error.

---

[1]RCW 9.54.090 provides: "Every person who steals or unlawfully obtains, appropriates, brings into this state, buys, sells, receives, conceals, or withholds in any manner specified in RCW 9.54.010—

". . . .

"(6) Property of the value of more than seventy-five dollars, in any manner whatever; shall be guilty of grand larceny and be punished by imprisonment in the state penitentiary for not more than fifteen years."

William F. Dobbs, the station owner, testified that following the incident, he and Union Gap police officer Jack Owen ". . . checked all the credit cards and the money that was in the till and checked checks, run it all up on the adding machine." He was then asked how much money was missing. Defendant interposed an objection on the basis that the adding machine tape constituted the best evidence of the amount of missing funds, that the tape had not been produced, that no reason for its absence had been offered and that therefore the requested testimony constituted secondary evidence. The objection was overruled.

■ We agree with the trial court. Since the elicited testimony was not being sought to prove the contents of the tape, the best evidence rule was not applicable. The tape would constitute the best evidence of the recorded facts but not necessarily the best evidence of the amount of missing money. William F. Dobbs was the source of those facts and the person who placed them on the tape. His knowledge was personal and he could testify concerning that knowledge.

We said in *State v. Polet*, 144 Wash. 629, 639-40, 258 Pac. 501 (1927), that

[b]ooks of account and other writings are, of course, the best evidence of the matters which they contain; that is to say, when the question is what is contained in a particular writing, the writing itself is the best evidence of its contents. But when the question is as to the existence of a particular fact, the fact may be shown by any witness who has knowledge of it; and merely because the transaction may be recorded in books of account or other writings does not make the record the best evidence of the fact. In this instance, the appellant offered to show the facts in question by persons who had knowledge of them, and it was error to exclude their testimony.

*Also see* 5 R. Meisenholder, Wash. Prac. § 92 at 104-05 (1965).

The testimony of William F. Dobbs in response to the question of how much money was missing, was therefore admissible. He said: "Well, we figured out $104.00 and

something plus tax." That testimony was sufficient to support the verdict on the question of amount.

The judgment and sentence is affirmed.

FINLEY, C. J., WEAVER and ROSELLINI, JJ., and WARD, J. Pro Tem., concur.