[No. 3308–2. Division Two. September 7, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DOUGLAS W. HOOD, *Appellant.*

*Howard V. Doherty,* for appellant (appointed counsel for appeal).

*Craig A. Ritchie, Prosecuting Attorney,* for respondent.

SOULE, J.—During the early afternoon of April 7, 1977, defendant, Douglas W. Hood, walked into a grocery store in Sequim, with a partially consumed bottle of whiskey in his hand. Seeing the bottle, a store employee asked defendant to take the bottle outside. The defendant refused. The store employee repeated his request but defendant, who had become belligerent, again refused. At this point a uniformed state patrol officer entered the store. Upon seeing the officer, defendant turned and walked out of the store to his car which was parked in the store parking lot. At his car, defendant drank the remaining whiskey and then, leaning down, rolled the bottle under his car in the direction of a friend.

The officer, having observed the defendant's actions, arrested defendant for littering and placed defendant in the back seat of his car while he went back into the store to

question the store employee. While the officer was in the store, defendant escaped. Discovering the escape, the officer began a search. A few blocks from the store, the officer sighted defendant, and, after a chase on foot, apprehended him.

Upon defendant's recapture, he was again placed in the back seat of the patrol car. His hands were handcuffed in front because of a previous wound on his arm. The officer then began to drive to Port Angeles to book defendant. During the early part of the drive, defendant was cooperative and conversed freely with the officer. Suddenly, as the car was going down Morse Creek Hill outside of Port Angeles, defendant began yelling obscenities and grabbed the officer around the neck, causing the officer to put the car into a skid. After sliding about 100 feet, the car came to rest against a guardrail where the officer subdued defendant.

As a result of this sequence of events, defendant was charged in Clallam County District Court with littering and resisting arrest, and in Clallam County Superior Court with assault in the third degree. At the request of defendant, an order was entered consolidating all three counts for the purpose of trial. A jury found defendant guilty on all three counts.

Defendant appeals from the jury's verdict on two grounds: (1) that this state's littering statute, RCW 70.93-.060 is unconstitutionally vague and overbroad, and (2) that the consolidation of the littering and resisting arrest charges with the third–degree assault charge, denied him a fair trial on the third–degree assault charge. After considering the arguments made by the defendant, we find his arguments to be without merit and affirm his convictions.

■ An act of the legislature is presumed to be valid and will not be found to be unconstitutional unless such unconstitutionality is established beyond a reasonable doubt. *State v. Primeau,* 70 Wn.2d 109, 422 P.2d 302 (1966). The

burden of proving unconstitutionality rests with the party asserting the challenge. *State v. Primeau, supra.*

██ A statute can be unconstitutionally vague on its face in its entirety, or only in part or as to certain applications. *Bellevue v. Miller,* 85 Wn.2d 539, 536 P.2d 603 (1975). The test to be applied by the court in determining whether a statute is unconstitutional depends on the allegation made. When it is alleged that a statute is wholly unconstitutional, the court looks not to the conduct of the defendant, but to the face of the statute to determine whether any conviction under the statute could be constitutionally upheld. *Bellevue v. Miller, supra.* If, upon such an examination, the court finds that no conviction could be upheld, the statute is unconstitutional on its face. *Bellevue v. Miller, supra.*

Although the actual conduct of defendant is irrelevant when a statute is alleged to be unconstitutional on its face, the conduct of defendant is relevant when it is alleged that the statute is unconstitutional only in part, or the court, although not finding the statute to be unconstitutionally vague on its face, finds the statute to be potentially vague as to some conduct. In such cases, the court must look to defendant's conduct to determine whether the statute, as applied to that conduct, is unconstitutional. *Bellevue v. Miller, supra.* This is because while a statute may be vague or potentially vague as to some conduct, the statute may be constitutionally applied to one whose conduct clearly falls within the constitutional "core" of the statute. *State v. Zuanich,* 92 Wn.2d 61, 593 P.2d 1314 (1979).

RCW 70.93.060 provides in part that:

No person shall throw, drop, deposit, discard, or *otherwise* dispose of litter upon any public property in the state or upon private property in this state not owned by him or in the waters of this state whether from a vehicle or otherwise including but not limited to any public highway, public park, beach, campground, forest land, recreational area, trailer park, highway, road, street, or alley except:

(1) When such property is designated by the state or by any of its agencies or political subdivisions for the disposal of garbage and refuse, and such person is authorized to use such property for such purpose;

(2) Into a litter receptacle in such a manner that the litter will be prevented from being carried away or deposited by the elements upon any part of said private or public property or waters.

(Italics ours.) Defendant alleges that this statute is both unconstitutionally vague on its face and as applied to his conduct.

■ RCW 70.93.060 is not unconstitutionally vague on its face. The statute clearly prohibits those acts which are commonly considered as littering, *i.e.,* the intentional or unintentional dropping of paper, containers or garbage on public property or property belonging to another; convictions for such acts can be constitutionally upheld. Although we agree with defendant that the application of the statute to certain fact situations[1] is unclear, such uncertainty does not prevent us from finding the statute to be constitutional on its face. The words defining the prohibited acts, when read in the context of the statute, are sufficiently clear to provide a person of common intelligence and understanding with fair notice and ascertainable standards as to the conduct sought to be prohibited. *State v. Foster,* 91 Wn.2d 466, 589 P.2d 789 (1979); *State v. Carter,* 89 Wn.2d 236, 570 P.2d 1218 (1977).

Having found RCW 70.93.060 to be constitutional on its face, we next look to defendant's conduct to see if the statute, as applied to his conduct, is unconstitutionally vague. In so doing, it should first be noted that defendant did not challenge the applicability of the statute to his conduct either at the time he was charged, or at the time of trial. It should also be noted that as the statute does not involve an

---

[1]The defendant argues that because of the language in the statute, "property . . . not owned by him", under a literal reading of the statute, a tenant who drops a piece of paper on his leased premises is guilty of littering.

alleged violation of a fundamental right, no special scrutiny is required. *State v. Zuanich, supra.*

■ What defendant did in this case was intentionally drop the empty bottle on property in which he had no proprietary interest. After dropping the bottle defendant made no attempt to pick it up nor has he alleged that he intended to do so. Such conduct clearly comes within the constitutional "core" of the statute.

Defendant, in addition to asserting that RCW 70.93.060 is unconstitutionally vague, also alleges that the statute is unconstitutionally overbroad.

■ In order to find a statute overbroad, the statute must prohibit not only unprotected behavior, but also constitutionally protected behavior. *State v. Carter, supra; Blondheim v. State,* 84 Wn.2d 874, 529 P.2d 1096 (1975). The State, under its police power, has the authority to proscribe acts such as littering. In proscribing such acts, the State has the authority to impose strict liability. This is what the legislature did in enacting RCW 70.93.060 and, in so doing, the legislature has not prohibited any constitutionally protected behavior.

■ Defendant also argues that the consolidation of the littering and resisting arrest charges with the charge of third–degree assault, denied him a fair trial on the assault charge. The record shows that the three counts were consolidated at defendant's request. Because defendant requested the consolidation, and at the advice of counsel, defendant cannot complain that he was prejudiced by such an action.[2]

---

[2]Counsel on appeal did not represent defendant at the trial level.

For these reasons, we affirm the defendant's convictions.

PEARSON, C.J., and PETRIE, J., concur.