[No. 3616–2–III. Division Three. April 23, 1981.]

THE STATE OF WASHINGTON, *Appellant,* v. JEROLD D. WILLIAMS, *Respondent.*

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *Robert M. Boggs, Deputy,* for appellant.

*Monty Hormel,* for respondent.

MUNSON, J.—The State appeals a dismissal of a third degree assault charge arising when the defendant, Jerold Williams, struck a policeman to avoid a warrantless arrest. The trial court held defendant could not have committed the offense charged because the third degree assault statute, RCW 9A.36.030, applies only to assaults "committed with intent to prevent or resist the execution of any lawful process or mandate of any court officer, or the lawful apprehension or detention of a person by appropriate order or direction of a court officer." In other words, the court held the statute applies only to an arrest pursuant to warrant or other court process. We disagree and reverse.

The parties agree that the defendant was arrested by

three police officers for traffic violations allegedly committed in their presence. The parties also agree that the arrest was warrantless, the defendant assaulted one of the officers during arrest, and the assault did not amount to assault in the first or second degree.

Upon dismissal of the assault charge, defendant pleaded guilty to two traffic violations which were also charged. No appeal is taken therefrom.

Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.36.030, p. 835[1] (the former RCW 9A.36.030) was applicable at the time this charge was made and read as follows:

(1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall assault another with intent to prevent or resist the execution of any lawful process or mandate of any court officer, or the lawful apprehension or detention of himself or another person shall be guilty of assault in the third degree.

(2) Assault in the third degree is a Class C felony.

The defendant raised two arguments in the trial court: (a) the statute was unconstitutionally vague; and (b) to be constitutional, the phrase "lawful apprehension or detention of . . . [a] person" must relate to apprehension or detention by order of a court officer or judicial officer, and did not apply to warrantless arrest by any law enforcement officer. The trial court declined to find the statute constitutionally vague, but agreed with the defendant's second argument.

 Statutes must be interpreted according to their plain meaning to give effect to legislative intent. *Pacific First Fed. Sav. & Loan Ass'n v. State,* 92 Wn.2d 402, 598 P.2d 387 (1979). If the statutory language is clear, the courts will not further interpret the statute. *Griffin v. Department of Social & Health Servs.,* 91 Wn.2d 616, 590 P.2d 816 (1979).

_____

[1]RCW 9A.36.030(1) was amended in 1979 and in its present form adds a subparagraph (b): "With criminal negligence, shall cause physical injury to another person by means of a weapon or other instrument or thing likely to produce bodily harm."

Here, the State challenges the court's ruling; we respond to the defendant's contentions supporting that ruling.

First, Williams contends the statute is void for vagueness because under RCW 9A.16.020[2] there are many instances when the use of force is lawful other than by a police officer in an arrest situation. These instances include disciplining children, preventing mental patients from harming themselves, and expelling unruly passengers from public conveyances. Williams suggests RCW 9A.36.030 is so broad, any touching which occurred in these situations would subject the children, patients or passengers to third degree assault charges, a result he argues is impermissible. He thus suggests the only reasonable interpretation of RCW 9A.36.030 is one so narrow as to exclude even warrantless arrest, and that any other interpretation would be so broad as to be unconstitutional.

██ ██ The State urges that RCW 9A.36.030 be limited to assaults upon a law enforcement officer occurring during a "lawful apprehension or detention" to avoid an overbroad interpretation. We agree. Lawful "apprehension" and

---

[2]RCW 9A.16.020 states in part:

"The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following cases:

"(1) Whenever necessarily used by a public officer in the performance of a legal duty, . . .

"(2) Whenever necessarily used by a person arresting one who has committed a felony . . .

"(3) Whenever used by a party about to be injured, . . . in preventing or attempting to prevent an offense against his person, or a malicious trespass, . . .

"(4) Whenever reasonably used by a person to detain someone who enters or remains unlawfully in a building or on real property lawfully in the possession of such person, . . .

"(5) Whenever used in a reasonable and moderate manner by a parent or his authorized agent, a guardian, master, or teacher in the exercise of lawful authority, to restrain or correct his child, ward, apprentice, or scholar;

"(6) Whenever used by a carrier of passengers . . . in expelling from a carriage, railway car, vessel, or other vehicle, a passenger who refuses to obey a lawful and reasonable regulation prescribed for the conduct of passengers, . . .

"(7) Whenever used by any person to prevent a mentally ill, mentally incompetent, or mentally disabled person from committing an act dangerous to himself or another, . . ."

"detention" are forms of an arrest, yet different from mere custody and arise in situations involving either court process or any lawfully exercised arrest. Furthermore, the use of force in regard to children, mental patients, or citizen arrests does not amount to "an apprehension" or "detention" in the context of this statute. As noted in *State v. Jury,* 19 Wn. App. 256, 269, 576 P.2d 1302 (1978), the purpose of the legislation is to prevent assaultive behavior which interferes with an officer's lawful obligation to insure a peaceful and orderly custody. Furthermore, although the statute may be vague or potentially vague as to some conduct, it may be constitutionally applied to one whose conduct clearly falls within the constitutional "core" of the statute. *State v. Zuanich,* 92 Wn.2d 61, 593 P.2d 1314 (1979); *State v. Hood,* 24 Wn. App. 155, 158, 600 P.2d 636 (1979). Given the facts admitted for the purpose of the motion, the defendant's conduct meets this criteria.[3]

■ Secondly, Williams argues two canons of statutory construction in support of his contention that third degree assault must be limited to resisting arrest authorized by warrant only. First, he argues the doctrine of ejusdem generis—

> general terms appearing in a statute in connection with precise, specific terms, shall be accorded meaning and effect only to the extent that the general terms suggest items or things similar to those designated by the precise or specific terms. In other words, the precise terms modify, influence or restrict the interpretation or application of the general terms where both are used in sequence or collocation in legislative enactments.

*State v. Thompson,* 38 Wn.2d 774, 777, 232 P.2d 87 (1951). Thus, he contends that the first two clauses of RCW 9A.36.030 relate to "execution of any lawful process" and "mandate of any court officer." The third, supposedly more general phrase, "lawful apprehension or detention" is lim-

---

[3]While the same challenge was not made, this court has upheld convictions for third degree assault arising from warrantless arrest. *See State v. Hood, supra; State v. Garcia,* 20 Wn. App. 401, 579 P.2d 1034 (1978); *State v. Jury, supra.*

ited to court–ordered apprehension or detention.

This argument fails for several reasons. That doctrine is intended to apply to enumerations—lists of specific terms which are preceded or followed by a more general term associated with the list of specifics. 2A C. Sands, *Statutory Construction* § 47.20, at 114 (4th ed. 1973 & Supp. 1980). Here, the terms are equally general and the presence of the disjunctive "or" suggests the final clause was to be distinguished from, rather than associated with, the prior clauses. *Dean v. McFarland,* 81 Wn.2d 215, 500 P.2d 1244, 74 A.L.R.3d 378 (1972); *see also State v. Tiffany,* 44 Wash. 602, 87 P. 932 (1906).

Williams next argues the rule of expressio unius est exclusio alterius, meaning the expression of one thing in a statute excludes implication of things not expressed. Omissions are deemed exclusions. He contends the absence of the term "peace officer" from the third clause requires that it relate back to a court–mandated or ordered arrest. We disagree. Lawful apprehension or detention of necessity must be carried out by a law enforcement or peace officer as defined in RCW 9A.04.110(15),[4] except as under RCW 9A.16.020. Thus, we believe that Williams seeks to misapply the doctrine; we find nothing excluded here.

Furthermore, for the doctrine to apply, the statute would be required to specifically refer to arrests with warrants before a conclusion that arrests without warrants were to be excluded. *See State v. Roadhs,* 71 Wn.2d 705, 707, 430 P.2d 586 (1967). Williams seeks solace in the fact that RCW 9A.76.040, defining "resisting arrest," specifically mentions to be guilty of that crime one must intentionally prevent or attempt to prevent a peace officer from lawfully arresting him. The fact that charge is only a misdemeanor, he argues, makes a difference. Again, we disagree. The court asked counsel to submit supplementary authority regarding the distinction between RCW 9A.36.030 and

---

[4]Peace officer means a duly appointed city, county or state law enforcement officer.

RCW 9A.76.040 as perhaps violative of the equal protection clause of the fourteenth amendment to the United States Constitution. *State v. Wanrow,* 91 Wn.2d 301, 588 P.2d 1320 (1978); *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970); *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965); *Olsen v. Delmore,* 48 Wn.2d 545, 550, 295 P.2d 324 (1956); *State v. Rentfrow,* 15 Wn. App. 837, 552 P.2d 202 (1976), all suggest that these statutes are constitutional. Each sets forth different elements. To resist arrest, RCW 9A.76.040, and be guilty of a misdemeanor does not require the commission of an assault. One may resist arrest by various types of conduct. However, to commit an assault in the third degree,[5] the assault must occur during the lawful apprehension or detention of the defendant or another person. Thus, there is no constitutional violation.

We conclude a charge of third degree assault may arise when a person assaults a law enforcement officer during the course of a lawful apprehension or detention whether that act is committed with or without a warrant.

The order dismissing the charge of third degree assault is reversed; the case is remanded for trial.

McINTURFF, C.J., and GREEN, J., concur.

---

[5]An assault has been defined as: "any unlawful, unpermitted or intentional touching or striking of another, regardless of whether or not any actual physical harm is done to the victim." *State v. Garcia, supra* at 402 n.2; *see also Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 505, 125 P.2d 681 (1942).