[No. 51132-2.   En Banc.   April 18, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. JANICE MILLER, *Appellant.*

*Katherine Steele Knox,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Pamela Cameron, Deputy,* for respondent.

UTTER, J.—Janice Miller appeals a jury verdict finding her guilty of third degree assault. She used force in an attempt to escape from store personnel who tried to detain her on suspicion of shoplifting. On appeal she challenges the constitutionality of RCW 9A.36.030, the constitutionality of her arrest, and the use of a leading question by the prosecutor. We affirm the conviction.

On August 10, 1983, Joseph Henricks, a security guard at Mark & Pak, a grocery store, observed Miller take several steaks from her grocery cart and place them in her shoulder bag. He alerted several other store personnel who placed themselves near and outside the store exit. When Miller neared the exit without paying for the steaks, he approached her and Harvey Claybourne, the person she appeared to be with. He told them he was a security officer and tried to detain them for shoplifting. Henricks was able to detain Claybourne but Miller ran up one aisle throwing steaks out of her bag, down another aisle, still throwing steaks, and forced her way the wrong way through an electric door. On her way out she pushed Steve Firth, an employee who tried to stop her.

Outside, a second employee, Warner Haug, also tried to stop her but she pushed him out of the way. Several employees were then able to stop her and one took her by the wrist and began to bring her back to the store. She broke away again, struck one, and threatened to cut all of them. They got one arm behind her and brought her back to the store. More struggling ensued and she bit Firth on the arm.

■■ RCW 9A.36.030 provides that it is a class C felony

to assault with intent to resist a lawful arrest or detention. Miller contends that RCW 9A.36.030 is vague and over-broad. The State contends Miller's actions were within the constitutional core of the statute so the conviction should stand. If a statute is susceptible to a constitutional interpretation, it is not facially vague. *Bellevue v. Miller,* 85 Wn.2d 539, 536 P.2d 603 (1975). A statute is unconstitutional, however, if it fails to provide adequate notice of the prohibited conduct and adequate standards to prevent arbitrary enforcement. *State v. Maciolek,* 101 Wn.2d 259, 264, 676 P.2d 996 (1984). This statute provides adequate notice by its language and was constitutionally applied in this case.

Miller argues that store personnel are not state agents and therefore are not able to effect a "lawful arrest." Since *State v. Williams,* 29 Wn. App. 86, 627 P.2d 581 (1981) appears to limit applicability of RCW 9A.36.030 to arrests by police, she argues arrest by a citizen would not be within the constitutional core of the statute. The State responds that the arrest need only be lawful, and it was lawful in this instance. She alternatively claims the arrest was unlawful because the employees are agents of the State by virtue of the defense to an action for detention provided to mercantile employees by RCW 9A.16.080. The State contends that the common law gives store owners the right as private citizens to detain shoplifters.

■ While no statute grants store personnel the authority to arrest shoplifters, criminal and civil statutes provide a defense for store owners who reasonably detain a person to investigate shoplifting where they have probable cause. RCW 9A.16.080;[1] RCW 4.24.220. In addition, RCW 9A.04-

---

[1] "In any criminal action brought by reason of any person having been detained on or in the immediate vicinity of the premises of a mercantile establishment for the purpose of investigation or questioning as to the ownership of any merchandise, it shall be a defense of such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning by a peace officer, by the owner of the mercantile establishment, or by the owner's authorized employee or agent, and that such

.060 provides that the common law is applicable where not repugnant to the state constitution or statutes. The affirmative right to detain shoplifters derives from the common law right of citizen arrest. *State v. Gonzales,* 24 Wn. App. 437, 604 P.2d 168 (1979), *review denied,* 93 Wn.2d 1028 (1980).

Store personnel may detain a suspected shoplifter without force even absent a breach of the peace, consistent with the grant of civil and criminal immunity from liability to owners and authorized employees of mercantile establishments. RCW 9A.16.080 and RCW 4.24.220. However, no statutory authority to use force at the initial detention is granted unless a felony has been committed. *See* RCW 9A.16.020(2). Nevertheless, under common law such authority is found. "Since relatively few arrests are with the consent of the criminal, the authority to make the arrest, whether it be with or without a warrant, must necessarily carry with it the privilege of using all reasonable force to effect it. Whether the force used is reasonable is a question of fact, to be determined in the light of the circumstances of each particular case." W. Prosser, *Torts* § 26, at 137 (3d ed. 1964). *Accord,* R. Perkins & R. Boyce, *Criminal Law* 1156 (3d ed. 1982); W. LaFave & A. Scott, *Criminal Law* 399–400 (1972).

In the instant case, Henricks tried to detain Miller without force. She fled to resist the detention and, while in flight, assaulted store personnel. In view of Henricks' reasonable grounds to believe she had stolen goods, the origi-

peace officer, owner, employee, or agent had reasonable grounds to believe that the person so detained was committing or attempting to commit theft or shoplifting on such premises of such merchandise. As used in this section, 'reasonable grounds' shall include, but not be limited to, knowledge that a person has concealed possession of unpurchased merchandise of a mercantile establishment, and a 'reasonable time' shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise." RCW 9A.16.080.

RCW 4.24.220 and RCW 9A.16.080 are similar except for one word in the first sentence. "In any *civil* action brought . . ." (Italics ours.) RCW 4.24.220.

nal detention was lawful and Miller's use of force to resist it violated RCW 9A.36.030.

Miller suggests that her arrest by store personnel violated Const. art. 1, § 7. The cases she cites, however, do not stand for the proposition that private individuals are precluded from making a citizen's arrest under the state constitution. Furthermore, this court has held that even if the defendant's presence in court is the fruit of an unlawful arrest, his or her identification by a witness is not excludable. *State v. Mathe*, 102 Wn.2d 537, 688 P.2d 859 (1984). *See also United States v. Crews*, 445 U.S. 463, 63 L. Ed. 2d 537, 100 S. Ct. 1244 (1980); 3 W. LaFave, *Search and Seizure* § 11.4(g) (Supp. 1985). Consequently, the claimed error is without merit.

Miller also urges reversal because the trial court permitted a leading question on direct examination to establish the location of the incident. There is no showing the error was prejudicial and there is no reversible error. *State v. Swanson*, 73 Wn.2d 698, 699, 440 P.2d 492 (1968).

DOLLIVER, C.J., and BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.