[No. 8505-4-II.   Division Three.   May 19, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES
DANIEL STEWART, *Appellant.*

*Mark F. Baum,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *Michael C. Kinnie, Deputy,* for respondent.

THOMPSON, J.*—Charles Daniel Stewart appeals his conviction of third degree assault, RCW 9A.36.030. We affirm.

---

*This appeal was heard by a panel of Division Three judges sitting in Division Two.

On October 27, 1984, Mr. Stewart was arrested and transported to the Clark County Law Enforcement Center by Vancouver police officers. While being booked, Mr. Stewart assaulted two custody officers. As a consequence, Mr. Stewart was charged with two counts of third degree assault, RCW 9A.36.030; he then moved for dismissal claiming the statute did not pertain to custody officers, hence, the information failed to state an offense. The court denied the motion and Mr. Stewart pleaded guilty to one count of third degree assault.

The sole question is whether RCW 9A.36.030(1) applies to custody officers of the County Law Enforcement Center. We answer affirmatively. RCW 9A.36.030, the assault statute in question, provides:

> Assault in the third degree. (1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall be guilty of assault in the third degree when he:
> (a) With intent to prevent or resist the execution of any lawful process or mandate of any court officer or the lawful apprehension or detention of himself or another person shall assault another; . . .

Mr. Stewart, relying upon *State v. Williams,* 29 Wn. App. 86, 89, 627 P.2d 581 (1981), claims this statute is limited to assaults upon a law enforcement officer. *Williams,* decided by this court, construed former RCW 9A.36.030 in the context of a constitutional challenge. The trial court had determined the statute applied only to an arrest pursuant to warrant or other court process; however, the State appealed, claiming RCW 9A.36.030 could be limited "to assaults upon a law enforcement officer occurring during a 'lawful apprehension or detention'" to avoid an overbroad interpretation. *Williams,* at 89. The court agreed, stating: "Lawful 'apprehension' and 'detention' are forms of an arrest, yet different from mere custody and arise in situations involving either court process or any lawfully exercised arrest". *Williams,* at 89–90.

The Supreme Court in *State v. Miller,* 103 Wn.2d 792,

698 P.2d 554 (1985) noted *Williams* appeared to limit applicability of RCW 9A.36.030 to arrests by police; however, *Miller* extended the statute's application to common law arrests of shoplifters by store personnel. *Miller,* at 794–95. Thus, *Miller* upheld defendant's conviction of third degree assault for using force in an attempt to escape from store personnel who tried to detain her on suspicion of shoplifting. While *Williams* was not expressly overruled, *Miller* emphasized only the necessity of a lawful arrest and reasonable detention to comply with the assault statute. *Miller,* at 794.

■ Here, the facts indicate Mr. Stewart assaulted the custody officers after his arrest and while he was being booked. There is no claim the arrest was not lawful. Furthermore, "[a] law enforcement officer has been defined as one 'whose duty it is to preserve the peace'", *McLean v. Department of Corrections,* 37 Wn. App. 255, 257, 680 P.2d 65, *review denied,* 101 Wn.2d 1023 (1984); and "any . . . employee of a governmental entity whose principal duties under law are to *hold in custody* any person accused of a criminal offense, to maintain public order or to make arrests for crimes . . ." (Italics ours.) *Anchondo v. Corrections Department,* 100 N.M. 108, 666 P.2d 1255 (1983) (quoting New Mexico Tort Claims Act § 41–4–3(D)). *See also Abbott v. Cooper,* 218 Cal. 425, 23 P.2d 1027, 1030 (1933) (officer in charge of a county jail had authority to detain persons charged with crime on a suitable writ or process).

Consequently, Mr. Stewart's conviction is affirmed.

GREEN, C.J., and MCINTURFF, J., concur.