# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47406-9-II |
| Respondent, | |
| v. | |
| DWAYZSHA LA SHA CANTLEY, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Following a bench trial, the trial court found Dwayzsha Cantley guilty of third degree assault and third degree theft. Cantley appeals her third degree assault conviction, asserting that the trial court erred by failing to consider her self-defense claim, and the State failed to present sufficient evidence that she had committed third degree assault. Cantley has also filed a supplemental brief seeking waiver of appellate costs. We affirm Cantley's conviction and exercise our discretion to waive appellate costs.

## FACTS

In June 2014, James VanHoute was working as a loss prevention officer at JCPenney in the Capital Mall in Olympia when he saw Cantley selecting merchandise at the store. According to VanHoute, Cantley was carrying "what appeared to be an empty purse and she was selecting merchandise without paying attention to size or price, which is not typical of a standard shopper." Report of Proceedings (RP) (Jan. 27, 2015) at 21. VanHoute saw Cantley enter a fitting room carrying seven items of clothing; when Cantley exited the fitting room, she was carrying three items. Cantley's purse appeared "much fuller" than when she had entered the

fitting room. RP (Jan. 27, 2015) at 25. VanHoute checked the fitting room and saw that no merchandise had been left behind. Based on his training and experience, VanHoute believed that Cantley had concealed merchandise in her purse. Cantley exited the store without paying for any items.

VanHoute then approached Cantley, identified himself as a loss prevention officer, and told Cantley that he was detaining her for theft. Cantley told VanHoute, "nuh-uh," which VanHoute interpreted as a statement of noncompliance. RP (Jan. 27, 2015) at 29. VanHoute then grabbed Cantley's arm and asked her to reenter the store. Cantley said, "Fine, fine, I'll reenter the store," but when VanHoute released her arm, Cantley attempted to run away. RP at 29-30. VanHoute then grabbed Cantley's purse and the two tugged at it. When VanHoute tried to grab Cantley's arm, Cantley slapped him across the face. VanHoute told Cantley that she had struck him, to which she replied, "No, I didn't." RP (1/27/15) at 31.

VanHoute restrained Cantley on the ground and called 911. Mall security guards arrived and helped VanHoute place handcuffs on Cantley. VanHoute then escorted Cantley to the loss prevention office and recovered items of clothing from Cantley's purse.

After her arrest, Cantley agreed to speak with Olympia Police Officer Jonathan Leavitt and told him that "she got scared, her adrenaline kicked in and she may have hit [VanHoute]." RP (Jan. 27, 2015) at 127. After Cantley was booked at the jail, law enforcement officers recovered a JCPenney bathing suit Cantley was wearing under her clothing.

The State charged Cantley with third degree assault and third degree theft. Before trial, defense counsel filed a trial memorandum stating that Cantley would be asserting a self-defense claim. The matter proceeded to a bench trial. The State called two witnesses, VanHoute and

Leavitt, and both testified consistently with the facts as stated above. Additionally, VanHoute testified that he had previously been disciplined by JCPenny for using an aggressive tone of voice with an employee, which made the employee cry. VanHoute further testified that he had been disciplined following a 2012 apprehension for failing to follow the JCPenny shoplifting apprehension manual. As a result of that discipline, VanHoute was required to reread the relevant section of the store manual and take training classes. A portion of the manual was admitted as an exhibit at trial. The defense rested without calling any witnesses.

The trial court found Cantley guilty of third degree assault and third degree theft and thereafter entered its findings of fact and conclusions of law.[1] Cantley appeals her third degree assault conviction.

ANALYSIS

I. SELF-DEFENSE

Cantley first contends that the trial court erred by failing to consider her self-defense claim. She thus assigns error to the trial court's finding that "[t]here was no evidence of self-defense" and to its conclusion that "[t]here was no basis for a self-defense argument or consideration by the trial court." Clerk's Papers (CP) at 52-53. Because there was no evidence presented at trial supporting Cantley's self-defense claim, we hold that the trial court properly rejected the claim.

For a defendant to be entitled to a fact-finder's consideration of his or her self-defense claim, the defendant "must produce some evidence demonstrating self-defense." *State v.*

---

[1] The trial court entered its findings and conclusions on October 9, 2015, well after Cantley filed her opening brief in this appeal on August 19, 2015. Accordingly, we granted Cantley's motion to supplement her assignments of error with regard to those findings and conclusions.

3

*Walden*, 131 Wn.2d 469, 473, 932 P.2d 1237 (1997). Although this burden "is low, it is not nonexistent," and the defendant must produce some evidence showing that he or she has met the statutory requirements for claiming self-defense. *State v. Janes*, 121 Wn.2d 220, 237, 850 P.2d 495 (1993). If the defendant produces some evidence demonstrating the exercise of self-defense, "the burden shifts to the prosecution to prove the absence of self-defense beyond a reasonable doubt." *Walden*, 131 Wn.2d at 473. The lawful use of force statute in nonhomicide prosecutions, RCW 9A.16.020, provides in relevant part:

> The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following cases:
> . . . .
> (3) Whenever used by a party about to be injured, . . . in preventing or attempting to prevent an offense against his or her person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his or her possession, in case the force is not more than is necessary.

*See also State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009) (stating RCW 9A.16.020 applies in nondeadly force self-defense claims). Accordingly, Cantley would be entitled to consideration of her self-defense claim only if there was some evidence at trial that she had struck VanHoute because she reasonably feared that she was about to be injured by him. *Kyllo*, 166 Wn.2d at 863.

Here, Cantley exercised her right not to testify at trial and, thus, the only evidence at trial regarding Cantley's intention when striking VanHoute was (1) VanHoute's testimony that Cantley had denied striking him, and (2) Leavitt's testimony that Cantley had told him "she got scared, her adrenaline kicked in and she may have hit [VanHoute]." RP (Jan. 27, 2015) at 127. VanHoute's testimony that Cantley denied striking him clearly did not support consideration of Cantley's self-defense claim because "[o]ne cannot deny striking someone and then claim to

4

have struck that person in self-defense." *State v. Barragan*, 102 Wn. App. 754, 762, 9 P.3d 942 (2000). Leavitt's testimony similarly did not warrant consideration of Cantley's self-defense claim. The statement attributed to Cantley by Leavitt showed that "she *may* have hit" VanHoute because she was scared and had a rush of adrenaline, but the statement in no way showed that Cantley had struck VanHoute because she reasonably feared being injured by him. RP (Jan. 27, 2015) at 127 (emphasis added).[2] The evidence at trial did not support consideration of Cantley's self-defense claim, and the trial court properly refused to consider it.

## II. SUFFICIENCY OF THE EVIDENCE

Cantley next contends that the State failed to present sufficient evidence to support her third degree assault conviction. Specifically, Cantley contends that the State failed to present sufficient evidence showing the absence of self-defense, and that she intended to resist a lawful apprehension or detention. We disagree and affirm Cantley's conviction.

When reviewing the sufficiency of evidence following a bench trial, we determine whether substantial evidence supports the challenged findings of fact and whether those findings support the trial court's conclusions of law. *State v. Smith*, 185 Wn. App. 945, 956, 344 P.3d 1244, *review denied*, 183 Wn.2d 1011 (2015). Substantial evidence is evidence that is sufficient to persuade a fair-minded, rational person that the findings are true. *Smith*, 185 Wn. App. at 956. The party challenging the findings of fact, here, Cantley, bears the burden of demonstrating that

---

[2] In her brief, Cantley cites to evidence at trial that VanHoute was not wearing a uniform when he attempted to detain her for suspected shoplifting, did not identify himself by name or present a badge, and had been disciplined in the past for using an aggressive tone of voice. But absent any evidence that she had struck VanHoute because she feared being injured by him, Cantley was not entitled to consideration of her self-defense claim. Moreover, the uncontroverted evidence at trial showed that VanHoute had repeatedly identified himself as a loss prevention officer before attempting to detain Cantley.

substantial evidence does not support the findings. *Smith*, 185 Wn. App. at 957. When

reviewing the sufficiency of the State's evidence, we consider circumstantial evidence and direct

evidence as equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

A.      *Substantial Evidence Supports the Findings of Fact*

Cantley assigns error to several of the trial court's factual findings, only some of which

relate to the arguments she raises on appeal. We address only those findings related to Cantley's

arguments. RAP 10.3(a)(4); *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

Cantley assigns error to the trial court's finding of fact 4, which found VanHoute "had a

reasonable basis to believe items were removed from the store by the defendant. He had an

opportunity to see the items and the manner in which they were selected." CP at 52. Substantial

evidence supports this finding. VanHoute testified that he saw (1) Cantley select merchandise

without paying attention to price or size, (2) Cantley enter a fitting room with seven items, (3)

Cantley exit the fitting room with only three items and a noticeably fuller purse, (4) that the

fitting room was empty after Cantley exited it, and (5) Cantley leave the store without purchasing

any merchandise.

Cantley also assigns error to the trial court's finding of fact 6, but the only portion of this

finding related to her arguments on appeal is that "VanHoute tried to gain control of Cantley

again at which time Cantley hit VanHoute in the face with an open hand *in an attempt to retain

the property and flee the scene.*" CP at 52 (emphasis added). Substantial evidence supports the

challenged portion of this finding. A reasonable fact finder could infer that Cantley's intention

in hitting VanHoute was to retain the stolen property and flee the scene based on VanHoute's

testimony that he (1) identified himself to Cantley as a loss prevention officer (LPO); (2) told her

that he was detaining her for theft; (3) grabbed Cantley's arm, after which she agreed to reenter the store but then attempted to ran away; (4) grabbed her purse, after which the two tugged at it; and then (5) grabbed her arm a second time before she slapped him across the face.

Next, Cantley assigns error to the trial court's finding of fact 9, which states, "There was no evidence of self-defense." CP at 52. As we discussed above, there was no evidence at trial supporting Cantley's self-defense claim. Accordingly, substantial evidence supports this finding.

Finally, Cantley assigns error to the trial court's finding of fact 11, but the only portion of this finding related to Cantley's arguments on appeal is that "she struck a loss prevention officer *in an attempt to resist the detention.*" CP at 53 (emphasis added). Again, a reasonable fact finder could infer Cantley's intention in striking VanHoute was to resist his detention based on VanHoute's testimony regarding the circumstances of his encounter with Cantley. Accordingly, substantial evidence supports the challenged portion of this finding. We now turn to whether the trial court's findings support its conclusions of law.[3] *Smith*, 185 Wn. App. at 956.

B.      *Absence of Self-Defense*

Cantley first contends that the State failed to prove beyond a reasonable doubt the absence of self-defense, implicating the trial court's challenged conclusions of law 7, 8, and 10.[4]

---

[3] Because Cantley does not provide any argument regarding her third degree theft conviction, we do not address her challenge to the trial court's conclusion of law number 9, which concluded that the State had proved beyond a reasonable doubt the essential elements of third degree theft. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[4] These challenged conclusions of law stated:
>    7.  There was no basis for a self-defense argument or consideration by the trial court.

But, because there was no evidence at trial supporting Cantley's self-defense claim, the State did not have any burden "to prove the absence of self-defense beyond a reasonable doubt." *Walden*, 131 Wn.2d at 473. Accordingly, this argument lacks merit.

C.     *Lawful Apprehension or Detention*

Finally, Cantley contends that the State failed to prove beyond a reasonable doubt that she assaulted VanHoute with the intent to resist a lawful detention, implicating the trial court's conclusions of law 5, 6, 8, and 10.[5] Specifically, Cantley argues that the State failed to present sufficient evidence that (1) VanHoute's use of force was reasonable, (2) VanHoute had reasonable grounds to detain her for suspected theft, and (3) her intent in striking VanHoute was to resist her detention. We disagree.

To convict Cantley for third degree assault as charged here, the State was required to prove beyond a reasonable doubt that (1) under circumstances not amounting to first or second degree assault, she (2) assaulted another (3) with the intent to prevent a lawful apprehension or detention of herself. RCW 9A.36.031(1)(a). Cantley challenges the sufficiency of evidence in

---

8.  The State has proven beyond a reasonable doubt that on or about June 3, 2014, in the State of Washington, the defendant, with intent to prevent or resist the lawful apprehension or detention of herself, assaulted James VanHoute.
. . . .
10. This Court concludes that the defendant is guilty, beyond a reasonable doubt, of Assault in the Third Degree . . . as charged in the First Amended Information.
  CP at 53.

[5] Conclusions of law 5 and 6 state:
5.  The detention of the defendant by VanHoute was lawful, and there is no basis in law or fact to find that if any administrative violations of JCPenny policy occurred, they were violated to the extent the detention was unlawful.
6.  LPO VanHoute's hand on the defendant's arm was not an unreasonable use of force.
  CP at 53.

8

support of the third element. With regard to the lawful apprehension or detention element, a store security guard may lawfully detain a person if the guard has reasonable grounds to believe the person has stolen goods from the store. *State v. Miller*, 103 Wn.2d 792, 794-96, 698 P.2d 554 (1985). And the common law grants store security guards authority to use a reasonable amount of force to effectuate the detention of a person suspected of stealing goods. *Miller*, 103 Wn.2d at 795. Whether a security guard's use of force was reasonable "'is a question of fact, to be determined in the light of the circumstances of each particular case.'" *Miller*, 103 Wn.2d at 795 (quoting W. Prosser, *Torts* § 26, at 137 (3d ed. 1964)).

1. *Reasonable Use of Force*

Cantley first argues that sufficient evidence did not support the trial court's conclusion that VanHoute's use of force was reasonable because VanHoute failed to follow all of the JCPenny policy guidelines when detaining her. Cantley does not cite any controlling case law to support her proposition that security guards are required to follow its employer's policies in order to effectuate a lawful detention under RCW 9A.36.031(1)(a). Instead, Cantley cites a Nevada case, *K-Mart Corp. v. Washington*, 109 Nev. 1180, 1189, 866 P.2d 274 (1993), *abrogated on other grounds by Pope v. Motel* 6, 121 Nev. 307, 114 P.3d 277 (2005), for the proposition that the failure to follow a store's policy guidelines "is relevant to a determination of what is reasonable in this context." Br. of Appellant at 11.

But, even accepting Cantley's proposition that a store's policy guidelines are relevant to a determination of whether a store security guard's use of force was reasonable, a failure to strictly follow the store's guidelines does not render the remaining evidence insufficient to find the guard's use of force reasonable. Rather, evidence that a security guard had violated a store's

9

policy is just one factor to be considered when determining whether the guard's use of force was reasonable "'in the light of the circumstances of each particular case.'" *Miller*, 103 Wn.2d at 795 (quoting W. Prosser, *Torts* § 26, at 137 (3d ed. 1964)). Cantley does not contend that VanHoute's conduct in grabbing her arm was, itself, unreasonable and instead argues only that the failure to follow the store's guidelines rendered his use of force unreasonable. We reject that argument and, thus, hold that Cantley has failed to demonstrate that the State's evidence was insufficient to prove a lawful detention on this ground.

2. *Reasonable Basis To Detain*

Next, Cantley argues that the State failed to present sufficient evidence in support of the lawful detention element of third degree assault because VanHoute did not have a reasonable basis to detain her for suspected theft. Again, we disagree.

Cantley does not address the evidence at trial that VanHoute saw (1) Cantley select merchandise without paying attention to price or size, (2) Cantley enter a fitting room with seven items, (3) Cantley exit the fitting room with only three items and a noticeably fuller purse, and (4) that the fitting room was empty after Cantley exited it. Instead, similar to her reasonable use of force argument, Cantley again relies on evidence that VanHoute failed to strictly follow store guidelines when investigating her for suspected theft. We hold that VanHoute's testimony regarding his investigation of Cantley was sufficient to support finding of fact 4 and to show that VanHoute had a reasonable basis to detain her for suspected theft, notwithstanding any violation of the store's policy guidelines. Accordingly, Cantley fails to demonstrate that the State's evidence was insufficient to prove a lawful detention on this ground.

### 3. *Intent To Resist a Lawful Detention*

Finally, Cantley argues that the State failed to present sufficient evidence that her intent in assaulting VanHoute was to resist detention. In support of this argument, Cantley asserts that "[t]he only direct evidence of her mental state was that she 'got scared' and her 'adrenaline kicked in.'" Br. of Appellant at 15 (quoting RP at 127). This argument overlooks the principle that we consider circumstantial evidence and direct evidence as equally reliable when reviewing the sufficiency of the State's evidence. *Delmarter*, 94 Wn.2d at 638. And, as discussed above, a reasonable fact finder could infer Cantley's intention in striking VanHoute was to resist his detention based on VanHoute's testimony that he (1) identified himself to Cantley as a loss prevention officer; (2) told her that he was detaining her for theft; (3) grabbed her arm, after which she agreed to reenter the store but then attempted to run away; (4) grabbed her purse, after which the two tugged at it; and then (5) grabbed her arm a second time before she slapped him across the face. We therefore hold that the State presented sufficient evidence in support of Cantley's third degree assault conviction, and we affirm her conviction.

### III. APPELLATE COSTS

Cantley filed a supplemental brief opposing appellate costs in light of *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612 (2016), arguing that she does not have the ability to pay. In light of Cantley's indigent status, and our presumption under RAP 15.2(f) that she remains indigent "throughout the review" unless the trial court finds that his financial condition has improved, we exercise our discretion to waive appellate costs. RCW 10.73.160(1).

We affirm Cantley's conviction and waive appellate costs.

No. 47406-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, C.J.

Lee, J.