[No. 10876-0-I.   Division One.   April 27, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
D. HOFFMAN, *Appellant.*

14

*Julie Kesler* of *Washington Appellate Defender Association,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *Asa Glazer, Deputy,* for respondent.

SWANSON, J.—John D. Hoffman appeals from a judgment entered on a jury verdict finding him guilty of third degree assault and second degree malicious mischief.

An off–duty Snohomish County sheriff observed a fight which occurred in the early morning hours in a restaurant in Snohomish County. The sheriff followed one of the participants outside the restaurant and detained him. A few minutes later two Snohomish County sheriff's officers arrived. While one of the officers was talking to the injured man in the restaurant, the defendant walked by. The injured man remarked, "He's the guy that started it." An officer approached the defendant and asked him for identification. When the defendant refused, the officer informed him that he could be subject to arrest for obstructing. The defendant again refused and walked out of the restaurant followed by the officer.

The officer testified that when he attempted to arrest the defendant for obstructing, the defendant pulled away and swung at him, and a scuffle ensued before the defendant was subdued. The defendant was handcuffed and placed in a police vehicle. He then began kicking the car door. Eventually the officers removed the defendant from the vehicle and placed flex cuffs on his legs. Defendant managed to free himself and kicked out a rear–door window of the vehicle. Defendant was eventually handcuffed again and "hogtied". Because the defendant complained of back injury, the officer transported him to Providence Hospital where he was examined by a physician before being taken to jail.

The defendant denied assaulting the officers, claiming that they attacked him. He also claimed that the reason he kicked and damaged the vehicle was to gain their attention because of his back injury.

The defendant first contends that the State did not present sufficient evidence to sustain his conviction for third degree assault pursuant to RCW 9A.36.030 which states:

(1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall be guilty of assault in the third degree when he:
(a) With intent to prevent or resist the execution of any lawful process or mandate of any court officer or the

lawful apprehension or detention of himself or another person shall assault another; . . .

Under this statute, the State must establish that the officer's actions in apprehending or detaining the defendant were lawful. *State v. Johnson,* 29 Wn. App. 307, 628 P.2d 479 (1981); *State v. Humphries,* 21 Wn. App. 405, 586 P.2d 130 (1978). In *State v. Williams,* 29 Wn. App. 86, 89–90, 627 P.2d 581 (1981), the court, in construing RCW 9A.36-.030, stated that:

Lawful "apprehension" and "detention" are forms of an arrest, yet different from mere custody and arise in situations involving either court process or any lawfully exercised arrest.

Defendant contends that his arrest for refusing to identify himself was unlawful because the obstructing statute under which he was arrested was later declared to be unconstitutional. We agree.

In *State v. White,* 97 Wn.2d 92, 640 P.2d 1061 (1982), the Supreme Court declared that sections 1 and 2 of RCW 9A.76.020[1] were unconstitutional. While the police may briefly detain a suspect based upon a reasonable suspicion and ask various questions, including the suspect's identity, "a detainee's refusal to disclose his name, address, and other information cannot be the basis of an arrest." *State v. White, supra* at 106. Accordingly, the arrest of the defendant for refusing to give the Snohomish County sheriff his name was unlawful. *See State v. Swaite,* 33 Wn. App. 477, 656 P.2d 520 (1982).

The State contends that the arrest was lawful under RCW 9A.76.020(3) which states:

Every person who . . . (3) shall knowingly hinder, delay, or obstruct any public servant in the discharge of

---

[1]RCW 9A.76.020 provides:

"Every person who, (1) without lawful excuse shall refuse or knowingly fail to make or furnish any statement, report, or information lawfully required of him by a public servant, or (2) in any such statement or report shall make any knowingly untrue statement to a public servant, . . . shall be guilty of a misdemeanor."

his official powers or duties; shall be guilty of a misdemeanor.

Although the defendant used various profanities, and refused to cooperate with the officer when asked to give his name, the record does not support the claim that he hindered, delayed, or obstructed the officer in the discharge of his official powers or duties. The arresting officer testified at a pretrial hearing that he did not have sufficient information to arrest the defendant for the assault which occurred in the restaurant. The officer's testimony, both at the pretrial hearing and at the trial, provides only one basis for the arrest—the defendant's refusal to give identification. Since our Supreme Court has held that this conduct cannot constitutionally serve as a basis for an arrest, we are compelled to hold that the defendant's arrest was unlawful and, under the test of *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980), the State failed to prove an essential element of the charge of third degree assault.

The record shows, however, that the jury was given a lesser included instruction concerning simple assault. When viewing the evidence in a light most favorable to the State, there is sufficient evidence upon which a rational trier of fact could find the defendant guilty of simple assault as defined by RCW 9A.36.040. We recognize that the defendant had a right to defend himself against an unlawful arrest. *State v. Counts,* 99 Wn.2d 54, 659 P.2d 1087 (1983); *Kennewick v. Keller,* 11 Wn. App. 777, 525 P.2d 267 (1974). Whether he used reasonable force under the circumstances is, however, a question for the jury. *State v. Rousseau,* 40 Wn.2d 92, 241 P.2d 447 (1952). The matter is therefore remanded for trial on the simple assault charge.

The defendant next contends that he should be granted a new trial on the malicious mischief charge because of instruction 14 which erroneously told the jury that his arrest was lawful as a matter of law. The State concedes that instruction 14 was error. *State v. Hutton,* 7 Wn. App. 726, 502 P.2d 1037 (1972). The issue presented is whether this error prejudicially affected the malicious mischief

charge.

■ The defendant testified that he kicked the police car because he had a severe pain from a back injury and surgery and he wanted to get the officers' attention to avoid injury. The defendant also claimed that the officers attacked him. One of the essential elements of the charge of malicious mischief is that the defendant acted with malice which is defined in RCW 9A.04.110(12) to mean "an evil intent, wish, or design to vex, annoy, or injure another person." The defendant contends that because of the instruction which erroneously told the jury that he was lawfully arrested, he was unable to argue that he had the right to resist an unlawful arrest and that the jury may have found that he acted maliciously because he destroyed property while in lawful custody. Although the charges of assault and malicious mischief were separate, they were closely connected in time and were part of the same incident. The defendant, who was unlawfully in custody, should have been permitted to argue that he did not act maliciously when he destroyed the property, but was merely resisting the unlawful arrest. Because instruction 14, however, erroneously told the jury that the defendant was in lawful custody, he was precluded from arguing this theory. Further, the fact that a person destroys property while in lawful custody may be probative of whether the person acted maliciously. The jury may have erroneously inferred that the defendant acted maliciously because they were told he was in lawful custody. The erroneous instruction is presumed to have been prejudicial, and we cannot determine under the facts of this case that it did not affect the jury's consideration of the malicious mischief charge.[2]

The defendant's final contention is that the charge of

---

[2]Because of our determination that the defendant should be granted a trial on the malicious mischief charge, we need not address the contentions raised for the first time on appeal that the court's instruction on malice was error. We note, however, that WPIC 2.13 defining malice has been revised in light of *State v. Simmons,* 28 Wn. App. 243, 622 P.2d 866 (1980) and *State v. Johnson,* 23 Wn. App. 605, 596 P.2d 1047 (1979).

malicious mischief should be dismissed because the State did not present sufficient evidence that he was guilty of second degree malicious mischief. We disagree.

The test under *Green,* for determining whether there is sufficient evidence is whether, in reviewing the evidence in a light most favorable to the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Here, the jury could disbelieve the defendant and find that even if his arrest was unlawful, he knowingly and maliciously caused a substantial risk of interruption or impairment of service to the public by physically damaging or tampering with an emergency vehicle as required by RCW 9A.48.080(1)(b). Thus, there was sufficient evidence upon which the jury could find the defendant guilty of second degree malicious mischief.

Reversed and remanded. The third degree assault charge shall be dismissed and a new trial ordered on simple assault and second degree malicious mischief.

RINGOLD and SCHOLFIELD, JJ., concur.