[No. 5220-6-III.   Division Three.   December 8, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOE
GOREE, *Appellant.*

*Steven Aycock,* for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *Jerry R. Adair, Deputy,* for respondent.

MUNSON, C.J.—Joe Goree appeals his conviction for third degree assault, RCW 9A.36.030.[1] The issue is whether the State must prove the one resisting arrest had knowledge of the lawfulness of the arrest. We affirm.

On September 30, 1981, Officer Williamson of the Pasco Police Department, off duty and in street clothes, observed Joe Goree standing outside the Dew Drop Inn. The officer believed a warrant existed for Mr. Goree's arrest; a subsequent call to the Pasco police dispatcher confirmed his belief. Accompanied by Deputy Weekes, then a member of the Franklin County sheriff's office and also off duty and in street clothes, Officer Williamson parked where they could observe Mr. Goree and wait for uniformed officers to arrive.

Officer Espinoza, on duty, in uniform and in a marked police vehicle, proceeded to the Dew Drop Inn and spotted Mr. Goree. Another police officer arrived in a second marked police vehicle; this officer observed Mr. Goree leaving the front of the Dew Drop Inn and pursued him by vehicle.

Although there is minor disagreement in the record concerning exactly when Mr. Goree began to run, Mr. Goree testified that another man standing with him recognized Deputy Weekes. Mr. Goree saw the two marked police vehicles arrive and began running when Deputy Weekes and Officer Espinoza approached him.

Deputy Weekes and Officer Espinoza chased Mr. Goree on foot. They apparently caught Mr. Goree twice, but he broke away each time. Both Deputy Weekes and Officer Espinoza testified Mr. Goree picked up a steel lawn chair,

---

[1] Laws of 1979, 1st Ex. Sess., ch. 244, § 10, p. 1990 (the former RCW 9A.36-.030) stated in pertinent part:

(1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall be guilty of assault in the third degree when he:

(a) With intent to *prevent or resist* the execution of any lawful process or mandate of any court officer or *the lawful apprehension or detention of himself* or another person shall assault another; . . .

(Italics ours.) RCW 9A.36.030 was amended in 1982 to add assault against drivers of a public or private transit company.

raised it above his head and struck Officer Espinoza. Mr. Goree remembered shoving a lawn chair aside in the footrace, but denied picking it up or hitting Officer Espinoza. Neither of the witnesses saw him pick up a lawn chair. Mr. Goree's sole explanation for running was that he panicked. He stated he was never told to stop or that he was under arrest. Officers Williamson and Espinoza testified they told Mr. Goree to stop, but no one told him he was under arrest. Mr. Goree escaped.

The charge underlying the warrant was later dismissed. At trial, Mr. Goree denied knowing of the warrant, but there is no challenge to its lawful existence at the time the officers attempted this arrest.

From the beginning of the trial, the issue was whether Mr. Goree could knowingly intend to avoid lawful apprehension when he did not know there was a warrant out for his arrest. The State argued that knowledge of the warrant was unimportant. Mr. Goree argued that absence of knowledge of the lawfulness of the arrest meant the State could not prove intent to prevent a lawful apprehension. The court allowed Mr. Goree to present evidence showing he did not know of the outstanding warrant, but refused to dismiss for lack of proof of Mr. Goree's knowledge of the warrant.

■ Mr. Goree first contends the trial court erred "by not ruling on the correct interpretation of the element of intent and allowing two different interpretations to be argued to the jury . . ." Mr. Goree did not propose an instruction presenting his theory of the case. At oral argument, he contended no other instructions were necessary. The error, he contends, is the trial court's failure to order the State not to argue its interpretation of the statute.

The purpose of an instruction is to furnish guidance to the jury in its deliberations, and to aid it in arriving at a proper verdict, so far as it is competent for the court to assist them. As the United States Supreme Court stated in *Bird v. United States,* 180 U.S. 356, 45 L. Ed. 570, 21 S. Ct. 403 (1901), the chief objects contemplated in the

charge of the judge are to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relation of the particular evidence adduced to the particular issues involved. *See* 75 Am. Jur. 2d *Trial* § 571 (1974).

*State v. Allen,* 89 Wn.2d 651, 654, 574 P.2d 1182 (1978); *Champagne v. Department of Labor & Indus.,* 22 Wn.2d 412, 156 P.2d 422 (1945). Each party is entitled to instructions on its theory of the case if it supplies instructions which accurately state the law. *Egede–Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 606 P.2d 1214 (1980); *State v. Humphries,* 21 Wn. App. 405, 586 P.2d 130 (1978); *State v. Long,* 19 Wn. App. 900, 578 P.2d 871 (1978). An instruction which follows the words of a statute is proper unless the statutory language is not reasonably clear or is misleading. *State v. Humphries, supra; State v. Johnson,* 7 Wn. App. 527, 500 P.2d 788 (1972), *aff'd,* 82 Wn.2d 156, 508 P.2d 1028 (1973).

The proper method to follow, if Mr. Goree believed the State's interpretation of the statute was incorrect, was to offer the court an instruction correctly stating the law and to provide authority for the interpretation. With such an instruction, the trial court would be able to charge the jury and forbid argument contrary thereto.

Here, the jury was instructed in the language of the former RCW 9A.36.030(1)(a). Mr. Goree admits no other instruction is necessary so no further instructions should have been given. *Petersen v. State,* 100 Wn.2d 421, 432, 671 P.2d 230 (1983). Both Mr. Goree and the State were able to argue their theories of the case. That the two interpretations of the statute were diametrically opposed under these facts does not change the analysis; many views of the application of a statute are diametrically opposed. The jury was properly charged.

Mr. Goree next contends that, without proof he knew the arrest was lawful, the evidence is not sufficient to convict him. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). We disagree.

■ Mr. Goree's interpretation makes RCW 9A.36-.030(1)(a) a subjective statute. His interpretation would allow one being arrested to decide whether he considers the arrest lawful and to decide the level of resistance he wishes to use.[2] The primary purpose of the statute is "to *prohibit* assaultive behavior which interferes with the custodian's lawful obligations to insure a peaceful and orderly custody." (Italics ours.) *State v. Jury,* 19 Wn. App. 256, 269, 576 P.2d 1302 (1978). The use of force to prevent even an unlawful arrest which threatens only a loss of freedom is not reasonable. *State v. Rousseau,* 40 Wn.2d 92, 241 P.2d 447 (1952); *State v. Westlund,* 13 Wn. App. 460, 536 P.2d 20, 77 A.L.R.3d 270 (1975). The law does not envision that all parties have to be in agreement or even understand the arrest is lawful at the time of arrest. The facts show Mr. Goree intended to resist apprehension; the apprehension was lawful[3] and an assault occurred in the resistance. These facts also show Mr. Goree's reaction was an unreasonable response and therefore an assault. *See also State v. Williams,* 29 Wn. App. 86, 627 P.2d 581 (1981).

The word "lawful" in the statute is to prevent the State from prosecuting one who has used force to prevent an unlawful arrest. *State v. Hoffman,* 35 Wn. App. 13, 664 P.2d 1259 (1983). *State v. Johnson,* 29 Wn. App. 307, 309, 628 P.2d 479 (1981) states:

> The existence of probable cause for the arrest is crucial to the State's case because, as defendant correctly contends, not only does a citizen have the right to resist an unlawful arrest so long as that resistance is reasonable in light of all the circumstances, *Kennewick v. Keller,* 11 Wn. App. 777, 787, 525 P.2d 267 (1974), but if an officer's actions are unlawful, a defendant cannot be convicted of

---

[2]For a fact pattern showing the danger of Mr. Goree's position, *see State v. Simmons,* 35 Wn. App. 421, 667 P.2d 133 (1983).

[3]Mr. Goree contended at trial the arrest was not lawful as contemplated by RCW 10.31.030 because the officer did not "declare that the warrant does presently exist . . ." Because of Mr. Goree's "hasty departure" there was no opportunity to inform him of the warrant's existence.

third degree assault, which requires intent to prevent or resist *lawful* apprehension or detention, *State v. Humphries* [*supra*].

An illegal arrest is an assault and battery; the one assaulted has the right to use reasonable force. Only an individual who assaults an officer doing his lawful duty can be prosecuted under this section of the third degree assault statute. The jury verdict is supported by substantial evidence. *State v. Green, supra.*

Affirmed.

GREEN, J., and STAUFFACHER, J. Pro Tem., concur.

Review denied by Supreme Court February 17, 1984.