[No. 58221-6-I.   Division One.   April 30, 2007.]

JOHN C.M. BORROMEO, *Appellant*, v. KAREN SHEA ET AL., *Respondents*.

*Brian D. Scott* and *Daniel R. Fjelstad* (of *Scott Kinney & Fjelstad*), for appellant.

*Edwin J. Snook* (of *Snook Schwanz*), for respondents.

¶1 ELLINGTON, J. — This case raises another question about rules of the road for drivers and bicyclists. Here, the bicyclist was riding in a bike lane, but in the direction opposed to the flow of traffic. He was injured when he was hit by a car turning onto the roadway from a parking lot. The jury found the driver not negligent.

¶2 The court instructed the jury as to the duties of both driver and cyclist under the statutes. As pertains to bicyclists, the statutes are not a model of clarity. But the instructions were proper, and the evidence supports the verdict. We therefore affirm.

## BACKGROUND

¶3 Karen Shea was making a right turn from a supermarket parking lot into the northbound lanes of the Bothell-Everett Highway. John Borromeo was riding southbound in the adjacent bike lane. As she turned, Shea collided with Borromeo's bicycle. Borromeo was injured and filed this suit.

¶4 That portion of the highway has two lanes of traffic in each direction, and an additional designated bicycle lane on each side. The bike lanes are separated from the main traffic lanes by a single solid white line. Where the collision occurred, the road is divided so that cars exiting the parking

lot must turn right, traversing a sidewalk and the bicycle lane before reaching the traffic lanes.

¶5 Shea stopped her car before crossing the sidewalk, looked both to her left and her right, and then pulled her car to the edge of the bicycle lane. She remained stopped for about 10 seconds, awaiting a suitable break in traffic. It is undisputed that the weather was clear and sunny, the view northward was unobstructed, and Shea did not look north in the 10 seconds before she turned.

¶6 Riding south in the bicycle lane, Borromeo slowed as he approached the parking lot driveway. He believed Shea had seen him and was waiting for him to pass, so he proceeded. Borromeo had nearly crossed the driveway when Shea began her turn. Her left bumper hit Borromeo's rear tire.

¶7 At trial, Borromeo argued that a bicyclist in a bike lane is not subject to the rules of the road, and that Shea had a duty to see and avoid him. Shea emphasized that Borromeo was riding against the flow of automobile traffic, and that she reasonably did not anticipate that a cyclist might approach from that direction. She explained that there was another bicycle lane on the opposite side of the road, that markings painted on the bike lane would have been upside-down for a cyclist riding southbound, that signs on nearby sections of the same road indicated the bike lane was for northbound travel only, and that in her experience commuting along the route, she had never seen a cyclist riding southbound in that lane. The jury found Shea not negligent.

¶8 Borromeo appeals the judgment as well as the court's denial of his posttrial motion for judgment notwithstanding the verdict or new trial.

## DISCUSSION

### Jury Instructions

¶9 Instructions are proper when they permit the parties to argue their theories of the case, do not mislead

the jury, and properly inform the jury of the applicable law.[1] "An instruction which follows the words of a statute is proper unless the statutory language is not reasonably clear or is misleading."[2] Such an instruction permits parties to argue even diametrically opposing interpretations of a statute.[3] The trial court has considerable discretion in deciding how instructions will be worded and whether more specific or clarifying instructions are necessary to guard against misleading the jury.[4] We review instructions de novo and reverse only where an error was prejudicial.[5]

¶10 The relevant statutes are RCW 46.61.755 and RCW 46.61.770. RCW 46.61.755 provides:

(1) Every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this chapter, except as to special regulations in RCW 46.61.750 through 46.61.780 and except as to those provisions of this chapter which by their nature can have no application.

(2) Every person riding a bicycle upon a sidewalk or cross-walk must be granted all of the rights and is subject to all of the duties applicable to a pedestrian by this chapter.

RCW 46.61.770 provides:

(1) Every person operating a bicycle upon a roadway at a rate of speed less than the normal flow of traffic at the particular time and place shall ride as near to the right side of the right through lane as is safe except as may be appropriate while preparing to make or while making turning movements, or while overtaking and passing another bicycle or vehicle proceeding in the same direction. A person operating a bicycle upon a roadway or highway other than a limited-access highway, which roadway or highway carries traffic in one direction

---

[1] *Stevens v. Gordon*, 118 Wn. App. 43, 53, 74 P.3d 653 (2003).

[2] *State v. Goree*, 36 Wn. App. 205, 208, 673 P.2d 194 (1983).

[3] *See id.*

[4] *Gammon v. Clark Equip. Co.*, 104 Wn.2d 613, 617, 707 P.2d 685 (1985).

[5] *Stevens*, 118 Wn. App. at 53.

only and has two or more marked traffic lanes, may ride as near to the left side of the left through lane as is safe. A person operating a bicycle upon a roadway may use the shoulder of the roadway or any specially designated bicycle lane if such exists.

¶11 At issue are instructions 12 and 13, and the court's refusal to instruct the jury that Borromeo had no duty to observe the rules of the road. Instruction 12 reads:

> A person riding a bicycle upon a roadway has all the rights of a driver of a motor vehicle and must obey all statutes governing the operation of vehicles except for those statutes that, by their nature, can have no application.[6]

¶12 Instruction 13 reads:

> A statute provides that every person operating a bicycle upon a roadway at a rate of speed of less than the normal flow of traffic at the particular time and place shall ride as near to the right side of the right through lane as is safe. A person operating a bicycle upon a roadway may use the shoulder of the roadway or any specially designated bicycle lane if such exists.[7]

These instructions accurately state the law.

¶13 Borromeo contends that these instructions were improper because a bike lane is not part of the roadway, and the court should have instructed the jury that he had no duty to observe the rules of the road. Thus, the central dispute is how to interpret the phrase "on a roadway" in RCW 46.61.755 and .770(1).

¶14 The statutes are not a model of clarity. In *Pudmaroff v. Allen*,[8] our Supreme Court held that RCW 46.61.755 does not apply to a cyclist using a pedestrian crosswalk connecting two segments of the multiuse Interurban Trail, first, because a multiuse trail is not a roadway, and second, because the plaintiff was in a pedestrian crosswalk where special rules apply. The court questioned, but did not decide,

---

[6] Clerk's Papers at 64.

[7] *Id.* at 65.

[8] 138 Wn.2d 55, 63-64, 977 P.2d 574 (1999).

whether the statute "relates to bicycle lanes on roadways."[9] In a lengthy footnote, the court noted the "anomalous place" of bicycles in traffic safety laws, and invited legislative amendment to reduce confusion.[10] To date, the legislature has made no such amendments.

¶15 In this case, the judge left for the jury to decide whether Borromeo was riding on a roadway and therefore subject to the rules of the road. The court did not err in exercising its discretion to instruct according to the text of the existing statutes. We think, however, that the statutes do apply to cyclists in a bicycle lane such as the one on the Bothell-Everett Highway.

¶16 The prime objective in statutory construction is to effectuate legislative intent.[11] We begin by looking at the plain meaning of the language, but in discerning this meaning, we take into account all of the text in this and related statutes.[12]

¶17 A bicycle is a vehicle.[13] A roadway is "that portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the sidewalk or shoulder even though such sidewalk or shoulder is used by persons riding bicycles."[14] Thus, a plain reading of the statutes shows that unlike a multiuse trail or a crosswalk, a bicycle lane adjacent to regular traffic lanes is both designed and ordinarily used for vehicular travel, and is thus part of the roadway.

¶18 This interpretation is consistent with RCW 46-.61.770(1), which allows cyclists on a roadway to choose to ride in traffic through lanes, on the shoulder, or in

---

[9] *Id.* at 63.

[10] *Id.* at 64 n.3.

[11] *Bosteder v. City of Renton*, 155 Wn.2d 18, 42, 117 P.3d 316 (2005).

[12] *Id.*

[13] RCW 46.04.670 (a vehicle "includes every device capable of being moved upon a public highway . . . including bicycles").

[14] RCW 46.04.500.

designated bicycle lanes. (Borromeo did not object to the part of instruction 13 setting forth that part of the statute.) A bicyclist in a marked, designated bicycle lane is on a roadway.

¶19 Borromeo next contends that the first sentence of instruction 13 (bicyclists must use far side of right lane) was irrelevant because he was not in a traffic lane, and overemphasized the defense theory of the case by suggesting he should ride in the direction of automobile traffic.

¶20 The court included that sentence to provide context. Instructions may not be " 'so repetitious and overlapping as to make them emphatically favorable to one party.' "[15] But there is nothing repetitious or overlapping in instruction 13, nor is there anything emphasizing any particular theory, especially since other instructions advised the jury that drivers must yield to cyclists in bicycle lanes (instruction 15), and that both parties bear a duty of ordinary care to avoid collisions (instruction 17).[16]

¶21 The court did not err in its instructions to the jury.

*Motion for Judgment as a Matter of Law or New Trial*

¶22 Judgment as a matter of law is appropriate only when, viewed in the nonmoving party's favor, the evidence is insufficient to sustain a verdict for that nonmoving party.[17] Borromeo's motion was based on the contention that under instruction 15, Shea was per se negligent in failing to see him and yield the right of way. But instruction 15 also told the jury that a motorist's duty to yield to cyclists in a bicycle lane is "not absolute, but relative."[18] The jury was further instructed:

---

[15] *Cornejo v. State*, 57 Wn. App. 314, 320, 788 P.2d 554 (1990) (quoting *Samuelson v. Freeman*, 75 Wn.2d 894, 897, 454 P.2d 406 (1969)).

[16] *See id.* at 321 (instruction on plaintiff's duty to see hazard unduly emphasized contributory negligence over general duty of ordinary care and "clear evidence of the [defendant's] negligence").

[17] CR 50(a)(1); *Davis v. Microsoft Corp.*, 149 Wn.2d 521, 531, 70 P.3d 126 (2003).

[18] Clerk's Papers at 67.

It is the duty of every person using a public street or highway whether a driver of a motor vehicle or a bicyclist, to exercise ordinary care to avoid placing himself or others in danger and to exercise ordinary care to avoid a collision.[19]

The jury was also instructed that even if Shea violated a statutory duty to yield to Borromeo, such a violation is not itself determinative but is evidence to be weighed on the question of negligence.

¶23 "Whether a person has exercised due care for the safety of other users of the highway is a factual issue to be determined only by the trier of facts."[20] Nothing in the applicable law removed the question of negligence from the jury's domain. It was for the jury to decide whether Shea was negligent, and the court did not err in denying the motion for judgment as a matter of law.

BECKER and COX, JJ., concur.

Review granted at 163 Wn.2d 1005 (2008). Review dismissed April 4, 2008.

---

[19] *Id.* at 69.

[20] *Johnson v. N. Pac. Ry.*, 66 Wn.2d 614, 618, 404 P.2d 444 (1965).