# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50196-1-II |
| Respondent, | |
| v. | |
| TERRENCE L. LAVERY, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Terrence L. Lavery appeals his two assault in the third degree convictions. He argues that his convictions violate his equal protection rights. Lavery also argues that the sentencing court erred by imposing a community custody term that, when combined with his term of incarceration, exceeds the statutory maximum punishment for his offenses. The State concedes error on the sentencing issue. We affirm Lavery's convictions, but accept the State's concession regarding sentencing error and remand for resentencing.

## FACTS

Lavery was incarcerated at the Clallam Bay Corrections Center in the Intensive Management Unit (IMU). Clallam Bay Corrections Officers[1] Stephen Monger and Jacob Martin were on duty at the corrections center and in charge of serving meals to the IMU inmates. Monger and Martin approached Lavery's cell and asked Lavery to back up so they could open his food port to provide him with his lunch. Lavery refused.

---

[1] Corrections Officers are employees of the Department of Corrections. "[T]he Department [of Corrections] is a law enforcement agency." *McLean v. Dep't of Corr*., 37 Wn. App. 255, 258, 680 P.2d 65 (1984).

Monger and Martin continued on to the next cell and as they were providing lunch to the next inmate, Monger and Martin felt a liquid substance hit their clothes and arms. Lavery then yelled, "[H]ow you like that piss, punk." Report of Proceedings (RP) at 108. The officers believed the liquid came from Lavery's cell's mail slot.

Both Monger and Martin felt offended by having urine thrown on them. Monger and Martin reported the incident to their sergeant.

The State charged Lavery with two counts of assault in the third degree. The jury found Lavery guilty as charged. The sentencing court sentenced Lavery to a total of 56 months incarceration plus 12 months of community custody. Lavery appeals.

ANALYSIS

I.      EQUAL PROTECTION

Lavery contends that his equal protection rights were violated because he was charged with the more general offense of assault in the third degree rather than the specific offense of custodial assault. We disagree.

We review alleged constitutional violations de novo. *State v. Siers*, 174 Wn.2d 269, 273-74, 274 P.3d 358 (2012). Similarly, we review issues of statutory construction, including whether statutes are concurrent, de novo. *State v. Conte*, 159 Wn.2d 797, 803, 154 P.3d 194 (2007).

When a defendant's conduct is proscribed by a general statute and a specific statute, the "general-specific" rule of statutory construction requires the defendant be prosecuted under the specific statute only. *Conte*, 159 Wn.2d at 803. Statutes are concurrent if "the general statute will be violated in each instance where the special statute has been violated." *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984). A determination of whether two statutes are concurrent is based on the elements of the statutes. *State v. Wilson*, 158 Wn. App. 305, 314, 242 P.3d 19 (2010).

Equal protection is implicated when "the State, by selecting the crime to be charged, can obtain varying degrees of punishment while proving identical elements." *State v. Karp*, 69 Wn. App. 369, 372, 848 P.2d 1304 (1993).

Here, assault in the third degree and custodial assault are not concurrent offenses because not all violations of the custodial assault statute (the specific statute) necessarily result in a violation of the assault in the third degree statute (the general statute). Relevant to this appeal, a person is guilty of assault in the third degree if he or she "[a]ssaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault." RCW 9A.36.031(l)(g). Relevant to this appeal, a person is guilty of custodial assault if he or she "[a]ssaults a full or part-time staff member or volunteer, any educational personnel, any personal service provider, or any vendor or agent thereof at any adult corrections institution . . . who was performing official duties at the time of the assault." RCW 9A.36.100(1)(b).

A person can violate the custodial assault statute but not violate "in each instance" the assault in the third degree statute because custodial assault does not have to involve a law enforcement officer or employee. *Shriner*, 101 Wn.2d at 580. As set forth in the custodial assault statute, the victim may be "a full or part-time staff member or volunteer, any educational personnel, any personal service provider, or any vendor or agent thereof at any adult corrections institution." RCW 9A.36.100(1)(b). To provide an example, if an inmate assaults a cook at a corrections institution, the State can charge the inmate with custodial assault but cannot charge the inmate with assault in the third degree of a law enforcement officer because the cook is not a law enforcement officer. Accordingly, the two statutes are not concurrent.

In *State v. Crider*, 72 Wn. App. 815, 818-19, 866 P.2d 75 (1994), the court held that assault while resisting lawful detention and assault of a law enforcement officer were not concurrent offenses. The court reasoned that proof of an assault while resisting arrest can be on any person while assault of a law enforcement officer needed to be on "'a law enforcement officer or other employee of a law enforcement agency.'" *Crider*, 72 Wn. App. 819 (quoting RCW 9A.36.031(1)(a) and (g)). Similar reasoning applies here to show custodial assault and assault in the third degree are not concurrent.

Moreover, the State did not select the crime to be charged to obtain a higher degree of punishment while proving identical elements. *Karp*, 69 Wn. App. at 372. Custodial assault and assault in the third degree of a law enforcement officer are both class C felonies. RCW 9A.36.100(2); RCW 9A.36.031(2). Both offenses have the same seriousness classification under the Sentencing Reform Act of 1981, chapter 9.94A RCW. RCW 9.94A.510. Both offenses count prior convictions the same way. RCW 9.94A.525(7). Both offenses have the same sentence ranges under the sentencing guidelines. RCW 9.94A.515. And both offenses are subject to the same community custody provisions under RCW 9.94A.701(3)(a). Thus, the State did not violate Lavery's equal protection rights by charging him with assault in the third degree instead of custodial assault.

II.    SENTENCE

Lavery contends that his sentence including community custody exceeds the statutory maximum for his assault in the third degree convictions. The statutory maximum for assault in the third degree, a class "C" felony, is 60 months. RCW 9A.36.031(2); RCW 9A.20.021(1)(c). The State concedes that Lavery's 68 month total sentence exceeds the 60 month statutory maximum sentence for assault in the third degree.

4

A sentencing court errs "when it impos[es] a term of confinement plus a term of community custody exceeding the statutory maximum." *State v. Hernandez*, 185 Wn. App. 680, 688, 342 P.3d 820 (2015), *review denied*, 185 Wn.2d 1002 (2016). In *State v. Boyd*, our Supreme Court reasoned that "the trial court, not the Department of Corrections, [is] required to reduce [the defendant]'s term of community custody to avoid a sentence in excess of the statutory maximum." 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Therefore, we accept the State's concession and remand this case for resentencing so that the combined term of confinement and community custody does not exceed the statutory maximum.

We affirm Lavery's convictions but remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Bjorgen, J.

Lee, A.C.J.