[No. 5417–9–III.   Division Three.   April 5, 1984.]

THEODORE F. MCLEAN, *Appellant,* v. THE DEPARTMENT
OF CORRECTIONS, *Respondent.*

*Jerry Makus* and *Makus & Makus,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Kathleen D. Mix, Assistant,* for respondent.

MUNSON, C.J.—Theodore F. McLean appeals from a summary judgment order which held the Department of Corrections is a "law enforcement agency" which may consider prior felony convictions over 10 years old in deciding whether to hire an applicant. We affirm.

On August 3, 1981, Mr. McLean applied for the position of "Correctional Officer—State Wide". His application was rejected by the personnel office because of his prior felony convictions for forgery in 1960 and grand larceny in 1964. Mr. McLean appealed and was subsequently interviewed by the Department of Corrections. The screening sheets of the three interviewers all indicated he was rejected because of his prior convictions which resulted in incarceration in the penitentiary at which he sought work. This lawsuit followed, with Mr. McLean contending the State violated RCW 9.96A.020,[1] which relates to public employment of persons with a felony conviction. The State moved for summary judgment, contending the Department of Corrections is a law enforcement agency which could consider a prior felony conviction under RCW 9.96A.030.[2] The trial

---

[1] RCW 9.96A.020 states:

"Notwithstanding any other provisions of law to the contrary, a person shall not be disqualified from employment by the state of Washington or any of its agencies or political subdivisions, nor shall a person be disqualified to practice, pursue or engage in any occupation, trade, vocation, or business for which a license, permit, certificate or registration is required to be issued by the state of Washington or any of its agencies or political subdivisions solely because of a prior conviction of a felony: *Provided,* This section shall not preclude the fact of any prior conviction of a crime from being considered. However, a person may be denied employment by the state of Washington or any of its agencies or political subdivisions, or a person may be denied a license, permit, certificate or registration to pursue, practice or engage in an occupation, trade, vocation, or business by reason of the prior conviction of a felony if the felony for which he was convicted directly relates to the position of employment sought or to the specific occupation, trade, vocation, or business for which the license, permit, certificate or registration is sought, and the time elapsed since the conviction is less than ten years."

[2] RCW 9.96A.030 states:

This chapter shall not be applicable to any law enforcement agency; however, nothing herein shall be construed to preclude a law enforcement agency in its discretion from adopting the policy set forth in this chapter.

court adopted the State's contentions and granted its motion, stating it could "conceive of no more sensitive law enforcement agency than the Department of Corrections insofar as the legislative policy set forth in RCW 9.96A.030" is concerned. This appeal followed.

■ Both parties agree there is no issue of fact. *Bernethy v. Walt Failor's, Inc.*, 97 Wn.2d 929, 653 P.2d 280 (1982). They also agree there is no statute which defines law enforcement agency or states the Department of Corrections is a law enforcement agency. Both parties have cited numerous statutes which they believe support or vitiate the trial court holding. Two statutes are pertinent to this appeal. The rules of statutory construction require that we ascertain legislative intent, *Millers Cas. Ins. Co. v. Briggs*, 100 Wn.2d 1, 5, 665 P.2d 891 (1983); seek the spirit of the provision, *State v. The (1972) Dan J. Evans Campaign Comm.*, 86 Wn.2d 503, 508, 546 P.2d 75 (1976); and avoid a construction which invalidates any section or words, *Nisqually Delta Ass'n v. DuPont*, 95 Wn.2d 563, 568, 627 P.2d 956 (1981).

■ The court referred to duties and responsibilities of penal correctional officers, including RCW 9.94.050:

> All officers and guards of state penal institutions, while acting in the supervision and transportation of prisoners, and in the apprehension of prisoners who have escaped, shall have the powers and duties of a peace officer.

A law enforcement officer has been defined as one "whose duty it is to preserve the peace." Black's Law Dictionary 796 (5th rev. ed. 1979), citing *Frazier v. Elmore*, 180 Tenn. 232, 173 S.W.2d 563, 565 (1943).

The trial court decision is reinforced by RCW 72.09,

---

Based upon affidavits submitted by the Department of Corrections which indicate an individual with a felony conviction will still be considered for a correctional officer position, but not in the same institution in which he was incarcerated, a factual issue could have arisen concerning whether the Department of Corrections has adopted such a policy and has therefore removed itself from the confines of RCW 9.96A.030. This argument was not made by Mr. McLean either below or on appeal; we therefore do not consider it.

which created the Department of Corrections. Specifically, RCW 72.09.010 states:

Legislative intent. It is the intent of the legislature to establish a comprehensive system of corrections for convicted law violators within the state of Washington to accomplish the following objectives.

(1) The system should ensure the public safety. The system should be designed and managed to provide the maximum feasible safety for the persons and property of the general public, the staff, and the inmates.

The Department must enforce laws, rules and regulations within the institution so as to "preserve the peace" of staff and inmates. It is a law enforcement agency within the meaning of RCW 9.96A.030.

*Anchondo v. Corrections Dep't,* 100 N.M. 108, 666 P.2d 1255 (1983), cited by Mr. McLean, is not persuasive. First, it dealt with the difference between a law enforcement officer and a public employee for purposes of the New Mexico Torts Claims Act. This distinction is not important here. Second, it defined law enforcement officer as one "whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, . . ." *Anchondo v. Corrections Dep't,* 100 N.M. at 108. The court held these duties are not those of a prison administrator. We agree. They are duties which a prison guard would perform under the direction of the prison administration.

While there may be employment positions within the Department of Corrections which technically would not be defined as law enforcement personnel, the exemption, RCW 9.96A.030, is on an "agency" basis, not a position basis. Thus, we find in the broad aspect the Department is a law enforcement agency.

Nothing in this opinion should be construed to mean the Department of Corrections need refrain from considering applicants with felony convictions.

The trial court is affirmed.

GREEN and THOMPSON, JJ., concur.

Review denied by Supreme Court June 8, 1984.