IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  35097-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JULIAN MIGUEL JUAREZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Julian Miguel Juarez was convicted of third degree assault in violation of RCW 9A.36.031(1)(g).  He appeals the conviction, contending that evidence he assaulted a corrections officer at the Yakima County Department of Corrections was insufficient to prove the required element that the victim was "a law enforcement officer or other employee of a law enforcement agency."  *Id.*  He also challenges his sentence, contending it was based on an incorrect offender score, that the court relied on an

No. 35097-5-III
*State v. Juarez*

inapplicable statute to impose an exceptional consecutive sentence, and that no *Blazina*[1]

inquiry was undertaken before imposing discretionary legal financial obligations (LFOs).

We affirm the conviction but find merit in his challenges to the offender score and

the exceptional sentence. We remand for resentencing.

FACTS AND PROCEDURAL BACKGROUND

In March 2016, Mr. Juarez was in the Yakima County jail awaiting trial on three

charges arising out of an assault he had committed two months earlier, in January. While

being moved from the visiting area to the "B tank," Mr. Juarez assaulted Officer Garrett

Goettsch. Report of Proceedings (RP) at 162. He was charged with third degree assault

in violation of RCW 9A.36.031(1)(g) on March 28, 2016. The prosecution of the March

assault of Officer Goettsch is the subject matter of this appeal.

Mr. Juarez's trial on the three charges arising from the January 2016 assault took

place in July 2016. He was convicted and sentenced to a 72-month term of confinement.

His trial in this matter took place in December 2016. He was convicted in this

matter as well, the jury having rejected his defense of self-defense.

At sentencing in this matter, the court relied on the State's representation that Mr.

Juarez had an offender score of 4, which Mr. Juarez's counsel did not challenge. Based

on that offender score, the standard range was 12+ to 16 months. The trial court imposed

---

[1] *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

the high end of the range.  It also granted the State's request that it impose an exceptional

consecutive sentence, lest the 16 months "be subsumed within the [72 month] sentence

that was imposed earlier this year."  RP at 317.  It relied on RCW 9.94A.535(2)(c),

finding "that the defendant has committed multiple current offenses and the defendant's

high offender score in Yakima County cause 16-1-00179-39 results in the current offense

. . . going unpunished."  Clerk's Papers (CP) at 84.

In addition to imposing mandatory LFOs, the trial court imposed two discretionary

costs: $250 in costs of incarceration and the cost of medical care.  It did not inquire into

Mr. Juarez's ability or likely future ability to pay.  Mr. Juarez did not object.

Mr. Juarez appeals the conviction and the sentence.

ANALYSIS

*Insufficient evidence*

Mr. Juarez argues that the State presented insufficient evidence that Officer

Goettsch was a law enforcement officer or employed by a law enforcement agency, an

essential element of third degree assault under RCW 9A.36.031(1)(g).  *See* CP at 54

(Jury Instruction 8).

Before turning to the standard of review and analysis of the evidence sufficiency

challenge, we address two matters that Mr. Juarez weaves into his argument, one of

which we will not review and the other of which we reject.  A couple of pages of Mr.

Juarez's briefing touch on the crime of custodial assault provided by RCW

3

9A.36.100(1)(b) and the rule that "[w]hen a specific statute and a general statute punish the same conduct, the statutes are concurrent, and the State can only charge under the specific statute." *State v. Ou*, 156 Wn. App. 899, 902, 234 P.3d 1186 (2010) (citing *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984)). He suggests that the custodial assault statute, rather than the assault of a law enforcement officer means of third degree assault, applied to his alleged crime.

In *Ou*, this court pointed out that neither party to that case had addressed whether a defendant could raise an asserted charging error of this sort for the first time on appeal and assumed, without deciding, that it could. *Id*. at 902 n.3. When two statutes literally apply, the failure to make a timely challenge to the charging decision raises a compelling error preservation issue. We need not address it in this case because unlike the appellant in *Ou*, Mr. Juarez did not assign error to the charging decision. He limits the relevant assignment of error and issue to evidence insufficiency. *See* Appellant's Opening Br. at 1, 4.

Mr. Juarez also argues that what he refers to as the "general-specific" rule is a basis for construing RCW 9A.36.031(1)(g) to exclude the Department of Corrections (hereafter sometimes "DOC") and county jails from its reference to "law enforcement agencies." Appellant's Opening Br. at 16-17. We disagree. The general-specific rule only applies when two statutes punish the same conduct and therefore *are* concurrent. If they are, it tells us which one to apply. It is not a rule of statutory construction that

4

requires us to construe otherwise concurrent statutes to refer to different conduct and thereby become be nonconcurrent.

Turning to the evidence sufficiency challenge, "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A criminal defendant's claim of insufficient evidence admits the truth of the State's evidence and "all inferences that reasonably can be drawn [from it]." *Id.*

A person is guilty of third degree assault if he or she "[a]ssaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault." RCW 9A.36.031(1)(g). The terms "law enforcement officer" and "law enforcement agency" are not defined by the statute or by RCW 9A.04.110, the criminal code's definitional statute. This court previously determined that the Department of Corrections is a "law enforcement agency" as that term is used in RCW 9.96A.030, which excludes law enforcement agencies from the operation of provisions creating certain employment rights for felons. *McLean v. Dep't of Corr.*, 37 Wn. App. 255, 258, 680 P.2d 65 (1984). Although construing the same term in a different statute and a different context, this court in *McLean* looked to three sources of authority that are equally persuasive here: the statutory duties and responsibilities of

penal correction officers, the term's definition by *Black's Law Dictionary*, and provisions of chapter 72.09 RCW, which created the Department of Corrections. *Id.* at 257-58.

Officer Goettsch testified that he was "officially a DOC officer for Yakima County" and before being hired, he had gone through training at the Washington State Criminal Justice Center and passed a physical and written test. RP at 159. Mr. Juarez points to the officer's admission that he is not a "sworn officer," Appellant's Opening Br. at 17, but the statutory language "law enforcement officer or other employee of a law enforcement agency" is too general to imply a requirement that one has been "sworn" in a particular way. Corporal Alfredo Larios testified that Officer Goettsch does, in fact, work as a law enforcement officer.

The evidence was sufficient.

*Offender score*

Mr. Juarez next challenges his offender score of 4, pointing out that the trial court counted two offenses for which he was convicted in July 2016 that the court imposing that sentence had found to be the same criminal conduct. An offender score miscalculation is a sentencing error that may be raised for the first time on appeal. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002). The State concedes error, and that a remand for sentencing is required. We accept the State's concession.

*Exceptional consecutive sentence*

Mr. Juarez next contends that the trial court imposed an exceptional consecutive sentence in reliance on RCW 9.94A.535(2)(c), which Mr. Juarez argues does not apply to his circumstances.  We will reverse an exceptional sentence if (among other reasons) "under a de novo standard, the reasons supplied by the sentencing court do not justify a departure from the standard range."  *State v. France*, 176 Wn. App. 463, 469, 308 P.3d 812 (2013) (citing RCW 9.94A.585(4)).

RCW 9.94A.535(2)(c) provides that the trial court may impose an aggravated exceptional sentence without a finding of fact by a jury "[if] the defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished."  In arguing for an exceptional sentence under RCW 9.94A.535(2)(c), the State treated the offenses sentenced in July, combined with the single offense sentenced in December, as qualifying as "multiple current offenses."  *See* RP at 316-17.  Yet RCW 9.94A.525(1) provides that "[c]*onvictions entered or sentenced on the same date as the conviction for which the offender score is being computed* shall be deemed 'other current offenses.'"  (Emphasis added.)  And if a crime would go unpunished here it was not because of Mr. Juarez's "high offender score" but because, if run concurrently, the 16-month sentence for the assault of Officer Goettsch would be subsumed within the 72-month sentence Mr. Juarez was then serving.

Mr. Juarez concedes that there is another statutory provision that did apply to his circumstances and under which the trial court could have achieved the same result. RCW 9.94A.589(3) provides:

> [W]henever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

He nonetheless argues that because the trial court's findings, conclusions and judgment imposing the exceptional sentence all rely on an inapplicable statute and rationale, we must remand for resentencing.

The State does not concede error on this issue but does not brief it, asking instead that we permit the parties to argue it to the trial court following remand. We are persuaded by Mr. Juarez's argument and hold that RCW 9.94A.535(2)(c) is not a basis for imposing an exceptional sentence in his circumstances.

*LFOs*

We need not review Mr. Juarez's challenge to the trial court's imposition of discretionary LFOs. Since we remand for resentencing, Mr. Juarez can object to the imposition of discretionary LFOs at that time.

Finally, Mr. Juarez asks that we decline to award costs if the State is the substantially prevailing party on appeal. The State is not the substantially prevailing party and asserts it did not intend to seek costs in any event. It will not be awarded costs.

The conviction is affirmed and the matter is remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Fearing, J.

9